IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN CHRISTOPHER DEPRIEST and | ) | Case No. 11-10610 |
| KIMBERLY GAULDIN DEPRIEST | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on November 29, 2011, upon the Motion to Dismiss Case Pursuant to Section 707(b) (the "Motion to Dismiss") filed by the Bankruptcy Administrator (the "BA") on July 14, 2011. At the hearing, Robert E. Price, Jr. appeared on behalf of the BA and Walter J. Etringer appeared on behalf of the above-captioned debtors (the "Debtors.").

The BA seeks dismissal of the Debtors' case pursuant to Section 707(b)(3) of the Bankruptcy Code. Abuse of the Bankruptcy Code occurs under Section 707(b) when a debtor attempts to use the provisions of the Code to get a "head start" rather than a "fresh start." Green v. Staples (In re Green), 934 F.2d 568, 570 (4th Cir. 1991) (Section 707(b) allows "a bankruptcy court to deal equitably with the situation in which an unscrupulous debtor seeks to gain the court's assistance in a scheme to take unfair advantage of his creditors."); In re Schmonsees, 2001 WL 1699664 at *5 (Bankr. M.D.N.C. Sept. 21, 2001) ("Section 707(b) should be applied in a manner in which a truly needy debtor is allowed a fresh start, while denying a head start to the abusers."). For Section 707(b) to be applicable, the debts in the case must be primarily consumer debts, and it must be shown that granting the debtor a Chapter 7 discharge would involve an "abuse" of the provisions of Chapter 7. It is undisputed that the debts in this case are primarily consumer debts. As the

moving party, the Bankruptcy Administrator has the burden of proving abuse pursuant to Section 707. In re Sale, 2007 WL 3028390 at *3 (Bankr. M.D.N.C. Oct. 15, 2007).

Section 707(b)(3) requires a court to consider "(A) whether the debtor filed the petition in bad faith; or (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." Under the 4th Circuit's holding in Green, a court is to determine whether to dismiss a case as an abuse of Chapter 7 by considering the totality of the circumstances. 934 F.2d at 572. In considering the totality of the circumstances, a court should consider the debtor's ability to repay his or her debts, as well as review the following factors:

(1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability or unemployment;

(2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;

(3) Whether the debtor's proposed family budget is excessive or unreasonable;

(4) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the debtor's true financial condition; and

(5) Whether the petition was filed in good faith.

Id. The Fourth Circuit also stated "that the majority of the cases hold that the debtor's ability to repay is the primary factor to be considered." Id.

In this case, while the Court does not find that the Debtors' petition was filed in bad faith, the Court concludes that, based on the evidence and testimony presented at the hearing, the totality of the circumstances of the Debtors' financial situation demonstrates abuse under Green. Specifically, it is undisputed that the petition was not filed due to sudden illness, calamity, disability,

or unemployment. While the Debtors testified at the hearing that they experienced medical problems that set them back financially in 2001, they admitted that they had experienced no such events in the last six months. Furthermore, the Debtors testified that they have been struggling to pay their bills since 2005, and Schedule F shows approximately $57,000 worth of consumer credit card debt. Taken together, these facts suggest that the Debtors have been making purchases in excess of their ability to repay. Furthermore, the Debtors' family budget is unreasonable. The Debtors spend approximately $200 a month on a boat that they use purely for recreation and co-own with the female Debtor's parents; they also spent most of their undisclosed tax refund (approximately $3,300) on remodeling their kitchen shortly after filing for bankruptcy. The Debtors continue to make a 401(k) contribution. Most important, the Debtors' schedules and statement of current income and expenses do not accurately reflect the Debtors' true financial condition—the schedules and Form B22 filed with the Court fail to account for a tax return of more than $3,000 and an average of $1,500 per month in overtime and bonuses. While the Debtors argue that they anticipate that the male Debtor's overtime will end in the near future, the Bankruptcy Code requires that the statement of current monthly income be calculated based on the six months prior to filing—a period during which the male Debtor was receiving overtime. When considering a motion to dismiss under 707(b), the Court must consider the Debtors' financial circumstances at the time of the hearing. In re Penninger, 2011 WL 2709321 at *2 (Bankr. M.D.N.C. July 8, 2011). At the hearing, the female Debtor testified that her husband was still working overtime; the fact that his employer has stated that it plans to cease overtime in the future is irrelevant.

Accordingly, for the reasons stated above, it is **ORDERED** that the BA's Motion to Dismiss is **GRANTED** and the Debtors' case is **DISMISSED.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN CHRISTOPHER DEPRIEST and | ) | Case No. 11-10610 |
| KIMBERLY GAULDIN DEPRIEST | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| _____ | ) | |

**PARTIES IN INTEREST**

Michael D. West, Esq., Bankruptcy Administrator

Walter J. Etringer, Esq.

Charles M. Ivey, Esq., Chapter 7 Trustee